


08/06/2020

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| **IN RE:** | § | CASE NO.: 19-10141 |
| **Patrick Wayne Raney,** | § § § | |
| Debtors, | § § | CHAPTER 13 |
| | § § | |
| **US Bank Trust N.A. as** | § | |
| **Trustee of the Bungalow Series III Trust,** | § | |
| **its successors and/or assignees,** | § § | |
| MOVANT, | § § | |
| **Patrick Wayne Raney** | § | |
| and | § | |
| **Carey D. Ebert, Trustee** | § § | |
| RESPONDENTS. | § § | |

## ORDER MODIFYING AUTOMATIC STAY

On this day came on for consideration the Motion for Relief from Automatic Stay filed US Bank Trust National Association, as Trustee of Bungalow Series III Trust, its successors and/or assignees ("**Movant**") pursuant to 11 U.S.C. §362 (d)(1) of the Bankruptcy Code (the "Motion").

Movant by and through its attorney of record, GHIDOTTI | BERGER LLP, by Angie M. Marth, Esq., and the Debtor Patrick Wayne Raney ("Debtor"), by and through his attorney of record, Maida Clark Law Firm, Tagnia Clark, Esq., agree to all matters contained in the Motion for Relief and ask the Court to enter this Agreed Order and Stipulation for Adequate Protection ("Agreed Order") evidencing the terms of their agreement.

## RECITALS

1.  On April 02, 2019, Debtor filed a petition under Chapter 13 of the United States Bankruptcy Code, Petition No. 19-1011.

2.  On June 11, 2014, Debtor executed and delivered Nationstar Mortgage, a Note, with an original principal balance of $85,552.00 ("Note").

3.  Movant is the current owner of the Note and is in possession of the original Note.

4.  Concurrently therewith, and as security for the Note, the Debtor executed and delivered to Nationstar Mortgage, a Deed of Trust ("**Deed of Trust**"), dated June 11, 2014, and filed of record with the County Clerk of Jefferson County, Texas against the Property, commonly described as 9225 Riggs Street, Beaumont, Texas 77707 ("Property"), and more specifically described as:

**ALL THAT PARCEL OF LAND IN JEFFERSON COUNTY, STATE OF TEXAS, AS MORE FULLY DESCRIBED IN DEED DOC #2006033025, BEING KNOWN AND DESIGNATED AS:**

**LOT NUMBER NINE (9) IN BLOCK NUMBER THIRTY-ONE "A" (31A), OF GULF TERRACE ADDITION TO THE CITY OF BEAUMONT, JEFFERSON COUNTY TEXAS, ACCORDING TO THE MAP OR PLAT OF RECORD IN THE OFFICE OF THE COUNTY CLERK IN VOLUME 14, PAGE 240 OF THE MAP RECORDS OF JEFFERSON COUNTY TEXAS.**

5.  On January 14, 2020, Movant filed its Motion for Relief from the Automatic Stay indicating that Debtor was due and owing for five (5) post-petition monthly payments as follows:

| Payments Due: | Payment | | Total Default |
|---|---|---|---|
| 08/01/2019 – 12/01/2019 | 5 @ $829.63 | = | $4,148.15 |

6.  Movant incurred attorneys' fees and costs in the amount of no less than ~~$1,271.00~~ $981.00 in connection to the Motion for Relief form the Automatic Stay.

[Margin note: Any reimbursement for a fee amount exceeding $800 + filing fee will require a formal application to the Court.]

7.  As of August 03, 2020, Debtor is due and owing for the June 01, 2020 payment and all subsequent payments as follows:

| Payments Due: | Payment | | Total Default |
|---|---|---|---|
| 06/01/2020 – 08/01/2020 | 3 @ $869.43 | = | $2,608.29 |
| Suspense Balance | | = | $(168.98) |
| Attorney Fees/Costs | | = | $ 981.00 |
| **TOTAL DEFAULT** | | = | **$3,420.31** |

8.  An additional payment will come due on September 01, 2020 in the amount of $869.43.

9.      ***Deleted by Court***

## STIPULATION

10.     Debtor shall cure the post-petition arrearage of $3,420.31 as follows: Commencing September 15, 2020, and continuing thereafter on the fifteenth day of each month through and including February 15, 2021, Debtors shall make an additional payment of $570.05 each month to Movant. 

11.     Debtor will make the September 01, 2020 payment, and all payments going forward in the amount of $869.43 (or as may be adjusted pursuant to the terms of the Note and Deed of Trust) continuing on the first day of each month thereafter within the grace period until the indebtedness is paid in full or a Court Order is entered otherwise.

12.     All payments due Movant under this Agreement must be paid to Movant at the following address:

**BSI FINANCIAL SERVICES**
**314 Franklin Street**
**Titusville, PA 16354**

13.     In addition to maintaining their mortgage payments, Debtors shall be required to maintain all plan payments to the Chapter 13 Trustee.

14.     Debtor must also maintain current insurance coverage on the property and must remain current on all post-petition taxes where applicable.

15.     Upon any default in the terms and conditions set forth in paragraphs 10 through 14 of this Adequate Protection Agreement Movant must serve written notice of default to the Debtor's counsel by U.S. Mail and Electronic Mail. Movant must also serve written notice of default on Debtors by U.S. Mail. If the Debtors fail to cure the default within 10 days after service of such written notice the automatic stay will immediately terminate and the Movant will file a Notice of Termination with the Court to evidence the termination of the stay. 

16.     Notwithstanding anything contained in this Agreement to the contrary, the Debtors shall be entitled to two (2) Notices of Default and opportunities to cure pursuant to the preceding paragraph. Once the Debtors have defaulted one time on the obligations imposed by this order and has been served with one Notice of Default, Movant is relieved of any obligation to serve additional notices of default or to provide additional opportunities to cure.  If an event of default occurs thereafter, the automatic stay stay will immediately terminate and the Movant will file a Notice of Termination with the Court to evidence the termination of the stay. 

17.     Movant shall be entitled to charge a fee of $50.00 for any ten (10) day written notice required because of default.

18. Movant may accept any and all payments made pursuant to this Order without prejudice to or waiver of any rights or remedies to which movant would otherwise have been entitled under applicable non-bankruptcy law.

19. This Agreement is binding only during the pendency of this bankruptcy case. If at any time, the stay is terminated with respect to the Property by court order or by operation of law, this Adequate Protection Agreement ceases to be binding and Movant may proceed to enforce its remedies under applicable non-bankruptcy law against the property and/or against Debtor.

20. In light of the parties' agreement, the stay otherwise imposed by FRBP 4001(a)(3) is hereby waived.

21. In the Event this case is converted to a Chapter 7 proceeding, *and if the Property has been previously exempted from the estate,* the automatic stay shall be terminated without further notice, order or proceeding of the Court. If the automatic stay is terminated as a matter of law, the terms of this Order shall immediately cease in effect and Movant may proceed to enforce its remedies under non-bankruptcy law against the property and/or Debtors.

22. ORDERED to the extent the property is foreclosed and sold, any excess proceeds from the sale shall be turned over to the Trustee with a reservation of the issue as to whether the Debtors are entitled to such funds.

23. Upon notice of termination of the stay, the Trustee is authorized to cease funding Movant's claim.

Signed on 08/06/2020

THE HONORABLE BILL PARKER
CHIEF UNITED STATES BANKRUPTCY JUDGE

AGREED TO and APPROVED [excluding court modifications] BY:

/s/  Tagnia Clark
Tagnia Clark
Maida Clark Law Firm, P.C.
4320 Calder Avenue
Beaumont, TX 77706
Tel: (409) 898-8200
Fax:  (409) 898-8400
tagnia@maidaclarklaw.com
COUNSEL FOR DEBTOR

/s/ Angie Marth
Angie Marth, Esq.
State Bar No.: 24046353
600 E John Carpenter Fwy., Ste. 246
Irving, TX 75062
Tel: (949) 427-2010
Fax:  (949) 427-2732
amarth@ghidottiberger.com
COUNSEL FOR MOVANT